IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARROLL C. LAMBERT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:15-cv-0687 ) |
| CCA AND [F/N/U] RANDOLPH, | ) Judge Nixon ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Darroll Lambert, an inmate confined at the Metro-Davidson County Adult Detention Center ("MDCADC" or "the detention center"), operated by CCA in Nashville, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 against defendants CCA and Corrections Officer Randolph (first name unknown). (ECF No. 1.) The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

### I.    Standard of Review

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(a). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). In conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972),

and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II. Factual Allegations

The plaintiff alleges that he is a black man and his wife is a white woman. He further alleges that Corrections Officer Randolph made "racial comments" toward the plaintiff about his wife, "cussed" him and called his marriage a "mixed match." (ECF No. 1, at 5.) More specifically, the plaintiff alleges that Randolph "wantonly and maliciously use[d] racial discrimination and verbal assault against Plaintiff Lambert on several occasions." (ECF No. 1, at 9.) She did this in front of other employees. Sometime after the plaintiff complained about his treatment by Randolph, Randolph's employment was terminated, but the plaintiff was told that her discharge was not related to his complaint.

The plaintiff further states that after he wrote a grievance about this incident, the facility began retaliating against him. He does not identify who at the facility took retaliatory actions against him, but he asserts that his grievance was "lost" and took more than two months to resolve. After he filed the grievance, he was removed from the Jericho program, which he needed to complete in order to get out of jail and try to regain custody of his kids. The plaintiff alleges that he was removed completely from the program POD Unit and placed in another POD Unit in retaliation for his having filed a grievance and a Title VI discrimination claim against Randolph.

## III. Discussion

The plaintiff brings suit under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v.*

*Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff asserts, first, that defendant Randolph violated his constitutional rights by verbally abusing him based on race and specifically based on his being married to a white woman. These allegations fail to state a claim under 42 U.S.C. § 1983 for violation of the plaintiff's constitutional rights. The use of racial slurs and other derogatory language, although "unprofessional and reprehensible," does not give rise to a claim of "constitutional magnitude." *Jones Bey v. Johnson*, 248 F. App'x 675, 677–78 (6th Cir. 2007) (quoting *Torres v. Cnty. of Oakland*, 758 F.2d 147, 152 (6th Cir. 1985)); *see also Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) ("verbal abuse" and "harassment" do not qualify as "punishment" of the type prohibited by the Eighth Amendment). The plaintiff's claim against Randolph is therefore subject to dismissal for failure to state a claim under 42 U.S.C. § 1983 for which relief may be granted.

The plaintiff also seeks to set forth a § 1983 claim based on allegations that he suffered retaliation as a result of his filing grievances against Randolph for using inappropriate racial comments. The plaintiff names only CCA as a defendant. CCA, a private prison operator, may be subject to suit under § 1983 as the entity to which the obligation to operate a state prison has been contractually delegated. *See Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (CCA acts under color of state law because it performs the traditional state function of operating a prison). However, CCA cannot be vicariously liable for the acts of its employees solely on the basis that it employed tortfeasors, because "[r]espondeat superior is not a proper

basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). Instead, a private entity can be held responsible for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) ("Like a municipality, a government contractor cannot be held liable on a respondeat superior theory. . . . [A] private contractor is liable for a policy or custom of that private contractor. . . ."). Thus, to state a claim against an entity defendant under § 1983, the plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citations omitted).

This is the law in the Sixth Circuit and every other circuit that has addressed the issue, but a panel of the Seventh Circuit has recently observed that the matter is deserving of "fresh consideration." *Shields v. Ill. Dep't of Corrs.*, 746 F.3d 782, 789 (7th Cir. 2014). That court noted that the Supreme Court has never directly considered the question of whether *Monell* applies to private corporations, and that "there are substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations." *Id.* at 790. Specifically, "[i]nsulating private corporations from respondeat superior liability significantly reduces their incentives to control their employees' tortious behavior and to ensure respect for prisoners' rights. The results of the current legal approach are increased profits for the corporation and substandard services both for prisoners and the public." *Id.* at 794.

Despite the soundness of these observations, this Court is bound by Sixth Circuit precedent to conclude that the complaint does not allege facts suggesting that CCA itself could

be liable for the alleged retaliatory actions. This claim too is subject to dismissal for failure to state a claim for which relief may be granted.

Notwithstanding, pursuant to *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the dismissal will be without prejudice to the plaintiff's ability to file a motion to alter or amend judgment and a motion to amend his complaint to assert a retaliation claim against the individuals he believes are responsible for such retaliation.

An appropriate order is filed herewith.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT